IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAUN PATRICK AUSTIN, | : | |
| Plaintiff, | : | 1:18-cv-1949 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| C.O. HAMMERS, *et al.*, | : | |
| Defendants. | : | |

# MEMORANDUM

**August 3, 2020**

Plaintiff Shaun Patrick Austin ("Austin") commenced this civil rights action pursuant to 42 U.S.C. § 1983, in the United States District Court for the Eastern District of Pennsylvania on October 1, 2018. (Doc. 1). Shortly thereafter, the matter was transferred to this Court. (Doc. 5). On September 3, 2019, pursuant to the Court's August 13, 2019 Memorandum and Order (Doc. 35), Austin filed a "Court Ordered Amended Complaint." (Doc. 37).

Presently pending is Defendants' motion (Doc. 38) to dismiss the amended complaint for failure to comply with the pleading requirements set forth in Federal Rules of Civil Procedure 8 and 20, and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]  For the reasons set forth below, the

---

[1] Defendants also seek to dismiss the Amended Complaint attached to Austin's "Motion for Separate Filing." (Doc. 36). This portion of Defendants' motion will not be considered; the

motion pursuant to Federal Rule of Civil Procedure 12(b)(6) will be granted.

## I.  STANDARDS OF REVIEW

In rendering a decision on a motion to dismiss, a court should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).  The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.  *Phillips v. Cnty of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).  A district court ruling on a motion to dismiss may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

---

Court issued an Order (Doc. 41) on October 16, 2019, denying Austin's motion without prejudice to his right to pursue those claims in a new action.

> Under the pleading regime established by [*Bell Atl. Corp. v.*] *Twombly*, 550 U.S. 544 (2007) and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps. First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675, 129 S.Ct. 1937. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679, 129 S.Ct. 1937. *See also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937.

*Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787–88 (3d Cir. 2016) (internal citations, quotations and footnote omitted).  Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief.  *Iqbal*, 556 U.S. at 679 (quoting FED.R.CIV.P. 8(a)(2)).  At the second step, the Court identifies those allegations that, being merely conclusory, are not entitled to the presumption of truth.  *Twombly* and *Iqbal* distinguish between legal conclusions, which are discounted in the analysis, and allegations of historical fact, which are assumed to be true even if "unrealistic or nonsensical," "chimerical," or "extravagantly fanciful." *Iqbal*, 556 U.S. at 681.  Deciding whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

## II.     DISCUSSION

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials.  *See* 42 U.S.C. § 1983.  The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

*Id.*; *see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996).  To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).

Austin includes five claims in his Amended Complaint.  (Doc. 37).

### A.     Claim 1

In his first claim, he alleges Defendant Bolland, the Correctional Health Care Administrator, the individual "responsible for supervising ALL medical care, including medical records" denied him adequate medical care in violation of the Eighth Amendment and violated the Americans with Disabilities Act by failing to

4

update medical records and insuring his disability was accommodated. (Doc. 37, pp. 1-3) (emphasis in original). In 2013, he allegedly was granted a medical accommodation for providing urine samples. (*Id.* at 2). On June 22, 2018, he was ordered to provide a urine sample. He was not afforded the medical accommodation and "was medically unable to urinate." (*Id.*). He was issued a misconduct and the hearing examiner imposed various sanctions. (*Id.*). According to the hearing examiner, his alleged accommodation was not "in the new computer medical records." (*Id.*). Following the disciplinary hearing, he informed Bolland of his accommodation. Bolland had him evaluated by a medical doctor and mental health doctor, both of whom noted that certain diagnoses were missing from the computer records. He does not allege that his medical accommodation of being "medically unable to urinate" was confirmed by either the medical or mental health doctor. He alleges that Bolland "still failed to update my medical records" and "failed to inform Super Marsh of my disability during the appeal process." (*Id.*).

The Eighth Amendment prohibits prison officials from being deliberately indifferent to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "To act with deliberate indifference to serious medical needs is to recklessly disregard a substantial risk of serious harm." *Giles v. Kearney*, 571 F.3d 318, 330 (3d Cir. 2009) (citations omitted). Where a prisoner has received some

amount of medical treatment, it is difficult to establish deliberate indifference, because prison officials are afforded considerable latitude in the diagnosis and treatment of prisoners. *See Durmer v. O'Carroll*, 991 F.2d 64, 67 (3d Cir. 1993). Allegations of mere negligent treatment or even medical malpractice do not trigger the protections of the Eighth Amendment. *See Estelle*, 429 U.S. at 105-06. To succeed on such a claim, "a plaintiff must make (1) a subjective showing that 'the defendants were deliberately indifferent to [his or her] medical needs' and (2) an objective showing that 'those needs were serious.'" *Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017) (alteration in original) (quoting *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)).

Defendant Bolland's alleged failure to update Austin's medical records to include a "medically unable to urinate" accommodation does not amount to recklessness or deliberate indifference but rather, at most, possible negligence, which is insufficient for an Eighth Amendment violation. *See Id.; see also Whitley v. Albers*, 475 U.S. 312, 319 (1986) ("It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock."). Austin fails to state a claim in this

regard.

Austin fares no better with respect to his claim that Defendant Bolland intentionally violated the ADA. Intentional discrimination may be satisfied by a showing of deliberate indifference. Under this test, Austin must allege that (1) Bolland had "knowledge that a federally protected right is substantially likely to be violated," (*i.e.* knowledge that the failure to update his record likely violated his right to reasonable accommodations of his disability), and (2) that he failed "to act despite that knowledge." *Furgess v. Pennsylvania Dep't of Corr.*, 933 F.3d 285, 292 (3d Cir. 2019). As noted *supra*, he has failed to allege facts that demonstrate deliberate indifference. The complaint is devoid of facts indicating that Defendant Bolland had knowledge that the failure to update Austin's medical record to include the failure to urinate accommodation in the context of a disciplinary hearing appeal implicated a federally protected right that was substantially likely to be violated and, that he failed to act despite that knowledge.

Nor is Bolland's alleged failure to provide information in the context of the grievance procedure actionable. The "after-the-fact" review of a grievance, or an inmate's dissatisfaction with the grievance response, do not establish the involvement of officials and administrators in any underlying constitutional deprivation. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998)

(finding where a defendant, after being informed of the violation through the filing of grievances, reports or appeals, failed to take action to remedy the alleged wrong is not enough to show that the defendant has the necessary personal involvement); *Pressley v. Beard*, 266 F. App'x 216, 218 (3d Cir. 2008) (not precedential) ("The District Court properly dismissed these defendants and any additional defendants who were sued based on their failure to take corrective action when grievances or investigations were referred to them."); *Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (not precedential) (holding that allegations that prison officials responded inappropriately to inmate's later-filed grievances do not establish the involvement of those officials and administrators in the underlying constitutional deprivation). Thus, Defendant Bolland's alleged failure to provide information in the context of the grievance procedure does not rise to the level of a constitutional claim. *See Alexander v. Gennarini*, 144 F. App'x 924, 925 (3d Cir. 2005) (finding involvement in post-incident grievance process not a basis for liability).

    **B.**    **Claims 2 through 5**

In Claims 2 through 5, Austin alleges that Defendants Szelewski and Marsh violated his due process rights during the course of disciplinary hearing proceedings. He seeks monetary compensation, expungement of the misconducts, and other forms of relief.

It is well-settled that prisoners are entitled to due process protection only when the disciplinary action results in the loss of good conduct time. *Muhammed v. Close*, 540 U.S. 749 (2004); *Edwards v. Balisok*, 520 U.S. 641 (1997). Austin does not allege that he was sanctioned with a loss of good conduct time. Even if such a sanction was imposed, he would not be entitled to relief as the claim is barred by the favorable termination rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994) (holding that where success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence), and extended to prison disciplinary proceedings in *Edwards*.

Further, Austin was not deprived of a legally cognizable liberty interest. A prisoner can identify a cognizable liberty interest if a punishment "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). "In deciding whether a protected liberty interest exists[,] ... we consider the duration of the disciplinary confinement and the conditions of that confinement in relation to other prison conditions." *Mitchell v. Horn*, 318 F.3d 523, 532 (3d Cir. 2003). Austin has not identified a protected liberty interest. He does not allege the conditions of his

fifteen-day confinement in disciplinary custody involved an atypical and significant hardship. Significantly longer stays in restrictive confinement did not implicate a prisoner's liberty interests under otherwise similar circumstances. *See Smith v. Mensinger*, 293 F.3d 641, 654 (3d Cir. 2002) (concluding that seven months in disciplinary confinement alone did not violate a prisoner's liberty interest); *Griffin v. Vaughn*, 112 F.3d 703, 708 (3d Cir. 1997) (same for fifteen months in administrative custody). The due process claims contained in Claims 2 through 5 are subject to dismissal.

### III. **LEAVE TO AMEND**

Before dismissing a complaint for failure to state a claim upon which relief may be granted, the Court must grant the Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital,* 293 F.3d 103, 114 (3rd Cir. 2002). Austin has been afforded the opportunity to amend and has been unable to state cognizable claims. Granting him any further opportunity the amend would be futile.

### IV. **CONCLUSION**

For the above stated reasons, the Court will grant Defendants' motion (Doc. 38) to dismiss.

An appropriate Order follows.